AMERICAN MACHINE & HYDRAU-
LICS, INC., Appellee,

v.

Floyd W. MERCER, d/b/a Wholesale
Brake Supply, Appellant.

AMERICAN MACHINE & HYDRAU-
LICS, INC., Appellant,

v.

Floyd W. MERCER, d/b/a Wholesale
Brake Supply, Appellee.

Floyd W. MERCER, Appellant,

v.

ARP SALES, INC., a California
Corporation, Appellee.

Nos. 75–3452, 75–3467 and 75–3547.

United States Court of Appeals,
Ninth Circuit.

Nov. 2, 1978.

John E. Kelly, of Pastoriza & Kelly, San-
ta Monica, Cal., for appellant-cross appellee.

Vergil L. Gerard, Fresno, Cal., for appel-
lee-cross appellant.

Before ELY and HUFSTEDLER, Circuit
Judges, and MUECKE, District Judge.*

PER CURIAM:

The appellants attack the District Court's
summary judgment, holding the patent in
suit to be invalid.[1]

The District Court denied the appellee's
motion for summary judgment filed by the
appellee, a motion by which the appellee
sought to recover attorney's fees, and the
appellee has cross-appealed from that rul-
ing. We find no merit, either in the appeal
or the cross-appeal.

The District Court's determination
of the patent's invalidity was made pursu-
ant to 35 U.S.C. § 102(b). The patent appli-
cation was filed on November 18, 1972, and
the court's finding of fact No. 20 reads as
follows:

"Between late July and the critical
date of November 18, 1972, the first mo-
bile muffler service truck was continu-
ously and extensively operated in the San
Francisco area under the name SPEEDY
MOBILE MUFFLER on at least 157 dif-
ferent jobs while generating sales of at
least $4,473.00."

This finding is supported by substantial evi-
dence and, as we see it, thoroughly under-
cuts the appellant's argument that the pat-

---

* Honorable C. A. Muecke, United States District
Judge, District of Arizona, sitting by designa-
tion.

1. The patent, for a "Mobile Muffler Shop" is
numbered 3,844,158.

ent is valid. The patentee argues that, in using the claimed invention as he did, prior to the critical date, he was using the machine only for experimental purposes. He emphasizes the Fifth Circuit's opinion in *In re Yarn Processing Patent Validity Litigation,* 498 F.2d 271 (1974). There, the Fifth Circuit remarked, in effect, that the inventors subjective intent is a crucial issue in respect to public use, *vel non.* If the case should be read with such a broad interpretation, as we doubt that it should, it does not harmonize with our court's decisions in *Super Mold Corp. v. Clapp's Equipment Div. Inc.,* 397 F.2d 932 (9th Cir. 1968), and *Robbins Co. v. Lawrence Mfg. Co.,* 482 F.2d 426 (9th Cir. 1973). While *Robbins Co.* dealt primarily with a so-called "on sale" case, involving the exception of experimental use when an invention has been placed on sale, our court stated: "An inventor's testimony of his subjective intent has no probative force against overwhelming evidence to the contrary." 482 F.2d at 431. This may indicate that when a question such as that presented here is close, the inventor's subjective intent may be significant. Here, however, the question is not close. The machine was employed on at least 157 jobs, its use was not concealed, it was engaged at several locations, the inventor was not present at the different job sites to observe the performance of the machine, and, ultimately, only very minor changes were made in the machine's design.

Finally, and of the greatest significance, the District Court found as a fact that, in using the machine prior to the critical date, the inventor's primary motive was to gain a commercial advantage, rather than to gain experimental information. In the light of all this, the District Court's conclusion that the patent was invalid was clearly correct.

■ On the issue of attorney's fees, the issue presented in the cross-appeal, the District Court found that the patentee had not committed such fraud on the Patent Office, under 35 U.S.C. § 285, as to warrant the conclusion that he should pay attorney's fees to the appellant. On an issue such as fraud, the subjective intent of the one claimed to have committed the fraud must, of course, be considered. The District Court found that the patentee acted in good faith, and thus committed no fraud when he filed his application for the patent in suit. This determination, too, was supported by substantial evidence, and we will not, and should not, overturn a District Court determination made on the basis of facts that were essentially undisputed.

The summary judgments entered by the District Court are

AFFIRMED.